UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| IN RE APPLICATION OF HERAEUS | ) | |
| KULZER FOR ORDER PURSUANT | ) | |
| TO 28 USC 1782 TO TAKE | ) | |
| DISCOVERY PURSUANT TO FRCP | ) | |
| FOR USE IN FOREIGN | ) | CAUSE NO. 3:09-MC-008 CAN |
| PROCEEDINGS | ) | |

**OPINION AND ORDER**

On January 29, 2008, Heraeus Kulzer GmbH ("Heraeus") submitted a draft protective order.

For the following reason, this Court **DENIES WITHOUT PREJUDICE** Hereaus' proposed

protective order.  [Doc. No. 1-12].  Heraeus may resubmit a proposed protective order which

comports with Seventh Circuit precedent for this Court's consideration.

## I.   APPLICABLE STANDARDS

When granting a proposed protective order, this Court must independently determine

whether "good cause" exists to seal the requested information from the public record. Fed. R. Civ.

P. 26(c); Citizens First National Bank of Princeton v. Cincinnati Insurance Co., 178 F.3d 943, 944

(7th Cir.1999).  In doing so, this Court must not grant parties *carte blanche* to seal or protect

whatever they desire.  Citizens, 178 F.3d at 944; See also Pierson v. Indianapolis Power & Light

Co., 205 F.R.D. 646, 647 (S.D. Ind. 2002) ("Independent and careful evaluations of protective

orders are especially important because '[t]he judge is the primary representative of the public

interest in the judicial process....'") (quoting Citizens, 178 F.3d at 945).  In other words, this Court

cannot serve as a rubber stamp whenever parties wish to seal public records, but must review all

requests to seal documents in light of the public interest in the judicial process. Citizens, 178 F.3d at

945 (citing In re Krynicki, 983 F.2d 74 (7th Cir.1992); Miller, Arthur M., Confidentiality, Protective

Orders, and Public Access to the Courts, 105 Harv. L.Rev. 427, 492 (1991)).

When reviewing an agreed protective order seeking to seal documents produced in discovery, this Court must ensure that "(1) the information sought to be protected falls within a legitimate category of confidential information, (2) the information or category sought to be protected is properly described or demarcated, (3) the parties know the defining elements of the applicable category of confidentiality and will act in good faith in deciding which information qualifies thereunder, and (4) the protective order explicitly allows any party and any interested member of the public to challenge the sealing of particular documents." <u>Pierson</u>, 205 F.R.D. at 647 (citing <u>Citizens</u>, 178 F.3d at 946).  This Court may issue a protective order in this case pursuant to its referral order and 28 U.S.C. § 636(b)(1)(A).

## II.   ANALYSIS

Heraeus' proposed order fails to satisfy the forth prong of the above standard because it does not contain the specific language referring to the public interest.  The right to intervene to challenge a closure order is rooted in the public's well-established right of access to public proceedings." <u>Jessup v. Luther</u>, 227 F.3d 993, 997 (7th Cir. 2000).  In granting protective orders, judges are the "the primary representative[s] of the public interest in the judicial process" and must require that a "protective order explicitly allows any party and any interested member of the public to challenge the sealing of particular documents."  <u>Pierson</u>, 205 F.R.D. at 647 (citing <u>Citizens</u>, 178 F.3d at 945-46).  The proposed order fails to allow any interested member of the public to challenge the sealing of particular documents

### III. CONCLUSION

Because Heraeus' protective order fails to permit public challenge, this Court **DENIES**

**WITHOUT PREJUDICE** Heraeus' protective order. [Doc. No. 1-12]. Heraues may resubmit his

proposed order in light of the standards set forth in this order and the citations herein.

**SO ORDERED**.

Dated this 2nd Day of February, 2009.

S/Christopher A. Nuechterlein
Christopher A. Nuechterlein
United States Magistrate Judge