UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

IN RE APPLICATION OF HERAEUS        )
KULZER FOR ORDER PURSUANT           )
TO 28 U.S.C. § 1782 TO TAKE         )
DISCOVERY PURSUANT TO FRCP          )        CAUSE NO. 3:09-MC-08 CAN
FOR USE IN FOREIGN                  )
PROCEEDINGS                         )

**OPINION AND ORDER**

On December 30, 2008, Heraeus Kulzer GmbH ("Heraeus") filed a suit in Germany against Respondents, Biomet Inc. and Biomet Orthopedics LLC ("Biomet"), for alleged misappropriation of trade secrets. On January 29, 2008, Heraeus submitted an *ex parte* application for discovery in aid of foreign litigation pursuant to 28 U.S.C. § 1782. On February 2, 2009, this Court granted Heraeus' application. Thereafter, Heraeus served several broadly-worded subpoenas upon Biomet. On March 2, 2009, Biomet filed a motion to vacate this Court's prior order and filed a motion for a hearing. On March 17, 2009, Heraeus filed a response in opposition. On March 26, 2009, Biomet filed a reply. For the following reasons, this Court now **GRANTS** Biomet's motion. Accordingly, this Court **VACATES** this Court's prior order and **QUASHES** Heraeus' subpoenas.

**I.      Relevant Background**

The immediate matter originates from a wrecked business relationship in Germany, which, after drifting four years through fifteen international lawsuits, has washed up and littered the shores of this Court's jurisdiction. In this Court's first attempt to handle the slippery pieces of that tangled foreign litigation, this Court intrepidly granted Heraeus' application, without the benefit of a response by Biomet. Now, however, given the presentation of Biomet's objections and a more thorough discussion of the applicable standards for navigating Heraeus' application, this Court

approaches the issue with a firmer grip on the analysis and proceeds towards more anchored conclusions.

The following facts are gathered from representations by Biomet and are uncontroverted, for purposes of this motion only, in Heraeus' response. The broader conflict between the parties has its roots in a 1998 joint venture between Biomet and Merck KGaA ("Merck"), a leading German pharmaceutical manufacturer. Prior to the joint venture, Heraeus had manufactured bone cements for Merck. While not formally agreeing to the joint venture, Heraeus continued to manufacture and supply bone-cement products for a year following the joint venture. In February 2005, however, Heraeus decided to cease supply of its products. In response, Biomet Switzerland GmbH ("Biomet Switzerland") sought an injunction to compel Heraeus to continue providing bone cement to the joint venture. Later in 2005, Biomet Switzerland ultimately terminated its injunction proceedings. On September 18, 2008, however, Biomet Switzerland sued Heraeus a second time in regards to a similar contract dispute between Heraeus and the joint venture, this time involving the product Septopal. The Septopal case is currently pending in a German court.

Three months later, on December 30, 2008, Heraeus initiated a suit against Merck and Biomet, alleging misappropriation of trade secrets, in regards to its bone cement products. On January 29, 2009, before the German court had an opportunity to serve any party with a copy of Heraeus' complaint, let alone set discovery deadlines and parameters, Heraeus filed an application for assistance with discovery in this Court, under 28 U.S.C. § 1782 . On February 2, 2009, this Court granted Heraeus' application.

On March 2, 2009, however, Biomet filed a motion to vacate this Court's order, contending that Heraeus' application was imprudently granted. In particular, Biomet noted that this Court should have considered four discretionary factors, which are commonly utilized in assessing

2

applications under the statute but not disclosed in Heraeus' original application. Biomet argues that, under an analysis of these additional factors, Heraeus' application should have been readily denied. Heraeus responds that this Court's prior order is sound, contending that the four additional factors are considered discretionary and that this Court was not required to consider them. In addition, Heraeus argues that, even under a more thorough analysis, its application for discovery and resulting subpoenas were appropriate.

**II.     Analysis**

    A.     Biomet's motion is timely filed.

To begin, Heraeus argues that Biomet's objections are untimely. In support, Heraeus cites Fed. R. Civ. P. 45(c)(2)(B), which states that written objections to a subpoena for documents must be served within fourteen day of receiving the subpoena. See Fed. R. Civ. P. 45(c)(2)(B). Because Biomet was served the subpoenas on February 3, 2009, Heraeus maintains that Biomet's motion to vacate, filed on March 2, 2009, was untimely and Biomet's objections are, thereby, waived.

Biomet responds that its motion was timely for several reasons. First, Biomet notes that Rule 45 establishes two alternative means for a party to challenge a document subpoena: (1) serving written objections on the issuing party, under the subpart cited by Heraeus, or (2) filing a motion to quash, under Rule 45(c)(3)(A). Fed. R. Civ. P. 45(c). See also Edw. C. Levy Corp. v. Int'l Union of Operating Eng'rs., 2006 WL 1544727, at *2 (N.D. Ind. 2006). Each of these methods contains a different deadline. Although written objections must be filed within fourteen days of the subpoena's service, a motion to quash need only be "timely" filed. Id.

Biomet articulates several reasons why its motion should be considered timely filed. In particular, Biomet notes that Heraeus' application presented complicated issues and contends that responding to Heraeus's subpoenas required complex coordination between multiple U.S. and

3

European entities, some of which had not yet been served in the underlying German action. In addition, Biomet asserts that language barriers complicated communication and further hindered Biomet's ability to respond quickly. Finally, Biomet argues that Heraeus' subpoenas were improper, rendering moot Heraeus' argument under Fed. R. Civ. P. 45(c)(2)(B), regarding Biomet's failure to send written objection within fourteen days of service of the subpoenas. Specifically, Biomet points out that the subpoenas were served from this Court, located in the Northern District of Indiana, but improperly mandated inspection in the Southern District of Indiana. See Fed. R Civ. P. 45(a)(2) ("[a] subpoena must issue . . . from the court for the district where the production or inspection is to be made.").

For the reasons stated by Biomet, this Court concludes that Biomet's motion, seeking to vacate this Court's prior order and quash Heraeus' subpoenas, is timely filed. As such, this Court now proceeds to a merits analysis of Biomet's motion.

  B. <u>Heraeus' application for discovery is not appropriate under *Intel Corp.* factors.</u>

The determination of whether discovery is appropriate under 28 U.S.C. § 1782(a) involves a two-part analysis. See <u>Intel Corp. v. Advanced Micro Devices, Inc.</u>, 542 U.S. 241, 264 (2004). This analysis is discretionary and involves consideration of multiple factors. <u>Id</u>. ("As earlier emphasized, . . . a district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so.").

Initially, the statute requires that this Court determine whether: (1) the person from whom discovery is sought resides or is found in the district of the district court to which the application is made, (2) the discovery is for use in a proceeding before a foreign tribunal, and (3) the application is made by a foreign or international tribunal or any interested person. 28 U.S.C. § 1782(a) (1996).

4

In its prior order, this Court applied these mandatory factors and concluded that Heraeus' application for discovery was appropriate. This Court does not disrupt that analysis in this order. However, after a careful consideration of newly-presented case law in Biomet's motion, which was notably absent from Heraeus' application for discovery, this Court concludes that its prior analysis was incomplete.

Instead, in addition to the three statutory factors, this Court's analysis should have also included a consideration of the four discretionary factors articulated in Intel Corp. Under these factors, this Court must additionally determine: (1) whether the respondents are parties in the foreign proceeding; (2) the nature of the foreign tribunal and its receptivity to U.S. discovery assistance; (3) whether the discovery application conceals an attempt to circumvent foreign discovery practices; and (4) the breadth and intrusiveness of the discovery requests themselves. Intel Corp., 542 U.S. at 264-65.

Heraeus argues that these four additional factors are discretionary and advocates, therefore, that this Court need not apply them in the immediate case. However, although Heraeus correctly points out that Intel Corp. does not mandate the use of these additional factors, this Court notes that, since Intel Corp., numerous courts, undertaking an analysis under 28 U.S.C. §1782, have chosen to apply the factors. Indeed, this Court finds it persuasive that Heraeus has failed to cite any case, since Intel Corp., which has not applied the discretionary factors as part of the court's analysis. Accordingly, in order to conduct a more complete analysis, this Court concludes that it should reexamine the conclusions of its prior order through a thorough consideration of Heraeus' application under the additional factors set forth in Intel Corp.

The first factor, that this Court is advised to consider, is whether the party from whom discovery is sought is a participant in the foreign proceeding. Intel Corp., 542 U.S. at 264. If so,

5

the need for this Court's assistance is diminished.  Id. ("[W]hen the person from whom discovery is sought is a participant in the foreign proceeding . . ., the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad.").  Instead, when a foreign tribunal has jurisdiction over the party, it is presumed that the foreign court may itself order the production of evidence that is requested.  Id.  In contrast, Intel Corp. suggests that the need for assistance under the statute is greater where discovery is sought from a non-party to the foreign proceedings and is located in the United States.  Id.

Biomet is a party to the German action; and, as such, this Court is initially persuaded that the German court is the more appropriate tribunal for ordering discovery.

The second factor is intertwined with the first and is further persuasive upon this Court's determination.  This factor requires that this Court consider "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." Id.  Biomet notes that the German court has discovery procedures, similar to those of this Court, and argues that, should this Court deny Heraeus' request, Heraeus will have ample opportunity and procedures availability to reassert his requests in Germany.

Heraeus responds that, although German courts provide procedures for obtaining discovery, they are more restrictive than those of this Court.  Reasserting that this Court need only review the minimal statutory requirements in considering his discovery request, Heraeus adds that it need not be bound by the more restrictive discovery procedures of the German court.  See Heraeus' Response Brief, Doc. No. 32 at 7 ("Even if Heraeus could obtain the discovery it seeks here elsewhere, Heraeus should not be required to use a more difficult and less effective procedure to gain the same information plainly authorized [under] § 1782.").  In support, Heraeus additionally argues that

6

permitting him access to United States discovery procedures is in keeping with the purposes of the statute. In particular, Heraeus contends that allowing his discovery would advance the purpose of the statute to "provid[e] efficient assistance to participants in international litigation and encourag[] foreign countries by example to provide similar means of assistance to our courts." See In re Application For An Order Permitting Metallgesellschaft AG to Take Discovery, 121 F.3d 77, 79 (2nd Cir 1997); Application of Malev Hungarian Airlines, 964 F.2d 97, 100 (2nd Cir. 1992).

Despite Heraeus' assertions, however, this Court does not agree that granting Heraeus access to United States' discovery procedures in order to avoid more restrictive German procedures is in keeping with the purpose of the statute. Indeed, Heraeus' argument is inapposite to Heraeus' interests in regards to this Court's consideration of the receptivity of the foreign tribunal. As presented, Heraeus seems to suggest a desire to be free of the burdens and restrictions of the German court and a preference for the broader discovery rules of this Court. Clearly, the statute is not intended to allow unfettered access to the United States' courts or to encourage foreign parties to "forum shop," whenever the procedures of their home tribunal are less favorable to their case. See In Re Babcock, 583 F. Supp. 2d 233, 241 (D. Mass. 2008) ("[T]he primary purpose of the statute is to assist foreign tribunals in obtaining relevant information that the tribunals may find useful but, for reasons having no bearing on international comity, they cannot obtain under their own laws.").

Further, although there is no exhaustion requirement under § 1782, which would require Heraeus to first seek discovery in the German court, the steps taken by Heraeus in this case suggest that Heraeus is impermissibly seeking to circumvent the German procedures through its application for discovery in this Court. A consideration of such improper motives for utilizing the statute is the third factor for this Court to consider. Intel Corp., 542 U.S. at 264-65. Biomet notes, and Heraeus does not dispute, that Heraeus filed its application for discovery in this Court before Biomet and the

7

other defendants in the German action had even been served with a copy of the complaint. This fact, coupled with Heraeus argument that it should not be bound by the more restrictive German discovery proceedings, suggest that Heraeus is not seeking assistance with discovery but is attempting, rather, an impermissible and "blatant end-run around foreign proof-gathering restrictions or other policies of a foreign country." See In Re Microsoft Corp., 428 F. Supp. 2d 188, 195 (S.D.N.Y. 2006). See also InRe Babcock, 583 F. Supp. 2d at 241-42.

Finally, if this Court's analysis under the first three factors was not enough for this Court to exercise its discretion to deny Heraeus' application for discovery, an analysis under the fourth factor alone is sufficient for this Court to deny Heraeus's request. This factor urges this Court to examine the breadth of the discovery requests themselves. Intel Corp., 542 U.S. at 265. ("[U]nduly intrusive or burdensome requests may be rejected or trimmed.").

Biomet argues that Heraeus' requests for documents are vague, overbroad, seek irrelevant material for use in an unrelated case, and intrude upon privileged information. In particular, Biomet contends that Heraeus' requests can be easily interpreted to include "every single document referring or relating to the development and production of Biomet bone cement products," "every document concerning any business dealings whatsoever with Merck," "every regulatory filing in every world market," and "every internal Biomet communication for a 12-year period." As such, Biomet argues that Heraeus' requests amount to a "fishing expedition," impermissible under any court's discovery procedures.

Heraeus responds that Biomet stretches the scope of its requests to the absurd. However, Heraeus additionally suggests, to the curiosity of this Court, that it is not responsible for narrowly tailoring its discovery requests, arguing, instead, that Biomet had a duty to clarify the scope of the requests with Heraeus prior to objecting to the subpoenas. Heraeus cites no authority for this

8

strained interpretation of the discovery rules. In addition, this Court finds puzzling Heraeus' unapologetic affirmation that Heraeus is, as Biomet suggests, attempting to gather discovery relating to a separate case, which is also pending in a German court. Rather than disputing the argument that Heraeus is improperly seeking irrelevant information, Heraeus argues that it might amend its complaint at some later date, should it deem that the information gathered is relevant to the pending action. As before, Heraeus cites no authority for this unusual interpretation of the discovery rules.

Such assertions by Heraeus and a closer inspection of the requests themselves mandate this Court's conclusion that Heraeus' requests are, indeed, vague, over-broad and impermissibly seek irrelevant and privileged information. Even under the "more permissive" discovery procedures of this Court, Heraeus is not permitted to use this Court's discovery procedures to undertake a fishing expedition. Instead, this Court has authority under Fed. R. Civ. P. 26(b) to block any discovery request that this Court considers irrelevant or unduly burdensome. Because this Court concludes that Heraeus' requests impermissibly delve into both categories, this Court concludes that it is appropriate to proscribe Heraeus' discovery requests in this instance. See also In re Apotex Inc., 2009 WL 618243 at *3-4 (S.D.N.Y. 2009) (vacating § 1782 application due to the over-breadth of discovery requests).

### III. Conclusion

For the reasons stated above, this Court now **GRANTS** Biomet's motion to vacate this Court's prior order and quash Heraeus' subpoenas. [Doc. No. 24]. Accordingly, this Court **VACATES** its prior grant of Heraeus' discovery application under 28 U.S.C. § 1782, [Doc. No. 9], and **QUASHES** the resulting subpoenas served on Biomet. This Court additionally **DENIES AS MOOT** Biomet's motion for a hearing on the motion. [Doc. No. 26].

9

**SO ORDERED**.

Dated this 8th Day of April, 2009.

                                                                                S/Christopher A. Nuechterlein  
                                                                                Christopher A. Nuechterlein  
                                                                                United States Magistrate Judge